■ TILLIE VENES, Appellant, v. FRANK VENES, Respondent.— In an action for separation, judgment of the Supreme Court, Nassau County, dated July 3, 1967, which dismissed the complaint after a nonjury trial, affirmed, without costs (*Schapiro* v. *Schapiro*, 27 A D 2d 667; *McLaughlin* v. *McLaughlin*, 29 A D 2d 554; *Ball* v. *Ball*, 28 A D 2d 865, and cases cited). Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.

## (January 31, 1968)

■ 24 ROCK CORP., Respondent, v. TOMASELLO BROS., INC., Defendant-Appellant and Third-Party Plaintiff-Appellant. COLONIAL BLUE DIAMOND MORTAR CORP., Third-Party Defendant-Respondent.— Motion by appellant denied insofar as it is for reargument. Cross motion by third-party defendant-respondent is treated herewith as opposition to the remainder of appellant's motion, which is for leave to appeal to the Court of Appeals and to stay enforcement by plaintiff-respondent of the judgment in this action; and said portion of appellant's motion is disposed of as follows: Appellant is granted leave to appeal to the Court of Appeals only insofar as this court's order is in favor of plaintiff-respondent and against appellant; and denied such leave insofar as said order pertains to the third-party action. Stay of enforcement of judgment is denied, as unnecessary; the stay obtained by appellant's undertaking, previously given, continues pending appeal to the Court of Appeals (CPLR 5519, subd. [e]). In our opinion, questions of law have arisen as between the plaintiff-respondent and appellant which ought to be reviewed. The findings of fact have been affirmed. The following question is certified: Was the order of this court, dated January 8, 1968, properly made? Christ, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.